**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Hovland,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Andrew Storey, et al.,<br><br>　　　　Defendants. | No. CV-21-01685-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Jessica Hovland's ("Plaintiff") Motion to Remand (Doc. 10). For the reasons below, the Motion is denied.[1]

**BACKGROUND**

Plaintiff filed this lawsuit in Arizona Superior Court in Pinal County on August 16, 2021. (Doc. 1-3 at 7.) On October 1, 2021, Andrew Storey ("Defendant") filed a Notice of Removal with this Court, alleging that the parties are citizens of different states, and the amount in controversy exceeds $75,000. (Doc. 1-5 at 2.) A week later, Plaintiff filed this Motion to Remand, alleging that although the parties are citizens of different states, the amount in controversy is less than $75,000; therefore, this Court does not have jurisdiction. (Doc. 10.) The Rule 16 case management conference is currently scheduled for January 7, 2022.

---

[1] The parties' request for oral argument is denied because they have had an adequate opportunity to discuss the law and evidence, and oral argument will not aid the Court's decision. *See Lake at Las Vegas Invrs. Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

**DISCUSSION**

**A. Legal Standard**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). For diversity cases brought under state law, district courts have original jurisdiction if the matter in controversy exceeds $75,000, exclusive of interest and costs, and the case is between citizens of different states. 28 U.S.C. § 1332. If the plaintiff filed an action in state court "of which the district courts of the United States have original jurisdiction," the action may be removed by the defendant to the district court "for the district and division embracing the place where such action is pending." § 1441. However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." § 1447.

The Ninth Circuit applies a different standard on a motion for remand based on the nature of the movant's challenge. If the motion for remand makes a facial challenge, the movant accepts the truth of the jurisdictional allegations "but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121–22 (9th Cir. 2014) (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). If the motion makes a factual challenge, it "contests the truth" of the factual allegations, "usually by introducing evidence outside the pleadings." *Id.*

Here, Plaintiff makes both a facial and factual challenge. Her Motion asserts that (1) "defendant has not satisfied his burden *under the facts and the law*"; (2) he "does not provide a citation to any allegation *in plaintiff's Complaint* that actually sets forth an amount sought, and he provides *no other factual basis* for his position"; and (3) "defendant's Notice of Removal fails to provide any specific evidence in support of his position," and Defendant's offer of judgment was well below the jurisdictional requirement. (Doc. 10 at 3–4, 6 (emphasis added).) Plaintiff also attached an exhibit to the Motion to contest the factual basis of Defendant's amount-in-controversy allegation. (Doc. 10-1.) Therefore, Plaintiff contests both the facial and factual validity of the Notice of Removal, and the Court will consider each argument in turn.

**B. Analysis**

    **1. Facial Challenge**

*Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81 (2014), established that, at least in the context of the Class Action Fairness Act ("CAFA"), "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. The Ninth Circuit has not yet decided whether *Dart*'s plausibility standard extends to cases removed under the district courts' diversity jurisdiction. Regardless, however, the district court may still construe a defendant's opposition to a motion to remand as an amendment to the notice of removal. *See Cohn v. Petsmart*, 281 F.3d 837, 840 n.11 (9th Cir. 2002) ("The district court did not err in construing Petsmart's opposition as an amendment to its notice of removal."); *Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969) ("[I]t is proper to treat the removal petition as if it had been amended to include the relevant information contained in the later-filed affidavits.")[2]

Here, Defendant makes a conclusory allegation in the Notice of Removal that the amount in controversy exceeds $75,000. Defendant offers no facts to support this assertion. If *Dart*'s plausibility standard applied to this case, it is possible that Defendant would fail to meet that standard. However, the Court will construe the facts in Defendant's opposition to Plaintiff's Motion as an amendment to the Notice. Given those facts—discussed below—the Court finds that Defendant has met the plausibility standard through the amended Notice. Plaintiff's Motion is denied on this ground.

    **2. Factual Challenge**

The removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* "[T]he defendant

---

[2] Although a Notice of Removal cannot be amended to add a separate basis for removal after the thirty days provided under § 1446, it can be amended after the thirty days "to correct a 'defective allegation of jurisdiction.'" *ARCO v. Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality*, 213 F.3d 1108, 1117 (9th Cir. 2000) (quoting 28 U.S.C. § 1653).

always has the burden of establishing that removal is proper." *Id.* "Nonetheless, the fact that the party removing a case to a federal district court has the burden of proving that the district court has jurisdiction does not mean that the notice of removal must in and of itself meet this burden." *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021). "[W]here a defendant's assertion of the amount in controversy is challenged, then 'both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.'" *Id.* (quoting *Dart*, 574 U.S. at 88).

"Amount in controversy" means the "amount at stake in the underlying litigation." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (quoting *Theis Rsch., Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005)). "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn*, 281 F.3d at 840. Many district courts have considered a plaintiff's reasonable settlement offer as persuasive—if not conclusive—evidence of the amount in controversy. *See, e.g.*, *Bronick v. State Farm Mut. Ins. Co.*, No. CV–11–01442–PHX–JAT, 2011 WL 5592898, at *3 (D. Ariz. Nov. 17, 2011); *Guillen v. Kindred Healthcare Operating, Inc.*, No. ED CV17–02196 JAK (FEMx), 2018 WL 1183354, at *3–4 (C.D. Cal. Mar. 7, 2018); *Babock v. ING Life Ins. & Annuity Co.*, No. 12–CV–5093–TOR, 2012 WL 3862031, at *3 (E.D. Wash. Sept. 5, 2012). However, if a plaintiff "argue[s] that the demand was inflated and not an honest assessment of damages," or makes an "attempt to disavow his letter or offer contrary evidence," the offer may be given less weight. *Cohn*, 281 F.3d at 840; *see, e.g.*, *McGregor v. Lincoln Nat'l Corp.*, No. 06CV0288 IEG (RBB), 2006 WL 8455559, at *4 (S.D. Cal. Apr. 25, 2006); *Keodalah v. Allstate Ins. Co.*, No. C15-01412 RAJ, 2016 WL 4543200, at *3 (W.D. Wash. Mar. 25, 2016); *Ryerson v. Petravicius*, No. 2:20-CV-2321 JCM (BNW), 2021 WL 1828111, at *2 (D. Nev. May 7, 2021).

Here, Plaintiff does not ask for a specific amount in the Complaint; instead, the Complaint requests "general and special damages" and "plaintiff's taxable costs incurred

in this action." (Doc. 1-3 at 6.) The bases for damages are (1) reasonable medical expenses; (2) emotional damages; and (3) lost earnings. (Doc. 1-3 at 5.) Defendant's Notice of Removal does not provide a factual basis for the amount in controversy. (Doc. 1 at 2.) As part of this Motion, Plaintiff provided two offers of settlement from Defendant for $40,000 and $50,000 respectively. (Docs. 10-1, 15-1, 15-2.) In contrast, Defendant provided a demand letter from Plaintiff asking for $182,300 and stating that Plaintiff's medical bills totaled $53,547.03.[3] (Doc. 13-1 at 6.) Plaintiff also represented that she lowered her settlement offer twice, to $149,000 and $139,000 respectively. (Doc. 15 at 3–4.)

Notably, all three of Plaintiff's offers of settlement were well above the jurisdictional threshold. Plaintiff has not disavowed the offers as unreasonable or not representing a fair amount for the claim. In fact, Plaintiff expressly stated in the demand letter that "[t]he goal with these offers is not to start out at an astronomically high amount. The goal is to get the claim settled for *what is a fair and reasonable amount*." (Doc. 13-1 at 6 (emphasis added).) Although Defendant's offers were well below the threshold, the Court could find no authority giving a defendant's offer of settlement equal weight to the plaintiff's. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 429 (7th Cir. 1997) (noting that the "circuit ha[d] not previously considered the relevancy of a defendant's settlement offer in evaluating . . . the amount in controversy requirement" but declining to decide the issue); *see also Poltar v. LM Gen. Ins. Co.*, 473 F. Supp. 3d 1341, 1344 (M.D. Fla. 2020) ("It is especially difficult to use a defendant's settlement offer as evidence of a low amount in controversy because such an offer is likely to reflect the fact that the plaintiff may be unable to establish liability."); *Stevenson v. Schneider Elec. U.S.A., Inc.*, No. 13-CV-01609-PAB-KMT, 2014 WL 789081, at *5 (D. Colo. Feb. 27, 2014) ("Moreover, although a plaintiff's offer of settlement can be used to establish the amount in controversy, the Court is aware of no authority stating that defendant's offer of settlement is entitled to the same presumption."). Even considering Defendant's settlement

---

[3] As of August 17, 2021, Plaintiff's medical bills totaled $56,691.03. (Doc. 13 at 9.)

offers as contrary evidence, however, Defendant has still met his burden of proof on this issue. Plaintiff has never offered anything close to $75,000 or lower to settle this case, and it is reasonable to presume that, if Plaintiff is successful in proving the merits of her case, she may be entitled to a considerable award for emotional damages and lost earnings in addition to her medical expenses, which continue to accrue. The car accident at issue was severe. It occurred on a busy interstate, involved eight different vehicles, and resulted in one fatality. (Doc. 13-1 at 3); (Doc. 1-3 at 12.) Plaintiff's car was pushed off the roadway and through several bushes before coming to rest in the center of the median. (Doc. 13-1 at 3.) Her now-husband was also injured in the crash.[4] Given these facts and Plaintiff's offers of settlement, Defendant has proven by a preponderance of the evidence that the amount in controversy, or the amount at stake in this case, exceeds $75,000. Plaintiff's Motion to Remand is denied.

## CONCLUSION

Because Defendant has met his burden of showing an amount in controversy that exceeds $75,000, Plaintiff's Motion is denied.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. 10) is **DENIED**.

Dated this 2nd day of December, 2021.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge

---

[4] Tyler Hovland's damages are not the subject of the instant lawsuit.